Opinion issued May 10, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00828-CR

———————————

Kevin Dewayne Davis, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 183rd District Court

Harris County, Texas



Trial Court Case No. 1166011

 



 

MEMORANDUM OPINION

          The
issue raised in this appeal is whether a police officer’s decision to arrest an
individual for a traffic violation and the subsequent search of the vehicle were
racially motivated.  Appellant Kevin Dewayne
Davis contends his arrest violates both the statutory prohibition against
racial profiling and the Equal Protection Clause.[1]  Based on the evidence in the record, we
affirm.

          Davis
was pulled over and stopped for failure to signal a turn.[2]  After arresting Davis, the police officers
found cocaine in Davis’s car.  The trial
court denied both a motion to suppress evidence and a subsequent motion to
reconsider the initial denial.  Subject
to his motions to suppress and reconsider, Davis pleaded nolo contendere to
possession with intent to deliver between four and 200 grams of cocaine and
true to two prior convictions for possession of a controlled substance.[3]  The trial court deferred adjudication of
Davis’s guilt and placed him on community supervision for ten years.  Davis appeals the order of deferred
adjudication based on the denial of his motions to suppress and reconsider.[4]

          At
the hearing on the motion to suppress, the State called the two Houston Police Department
officers who participated in the arrest, Officers J. Rangel and T. Parker.  Officer Rangel testified that both he and
Parker were patrolling the same area in separate cars when he saw Davis make an
“abrupt turn” without signaling.  Officer
Rangel activated his emergency lights, Davis stopped his car, and Officer Parker
approached the car on the driver’s side while Officer Rangel approached the
passenger’s side.  Officer Rangel noticed
that Davis’s hands were shaking and saw him reach towards the floorboard.

          Officer
Rangel stated that when Officer Parker asked to see a driver’s license Davis
became agitated and outspoken.  Officer Parker
also noticed a scale in plain view in the floorboard area.  When he asked Davis to get out of the car,
Davis hesitated and asked why he was being arrested.  Officer Parker told him that it was for the
traffic offense of failing to signal. 
After Davis was placed in the back of one of the police cars, Officers Rangel
and Parker inventoried Davis’s car and found a large amount of “rocks” that
field tested positive for cocaine.  On
cross‑examination, Officer Rangel stated that he made no decision whether
to arrest Davis until he and Parker made contact with Davis.

          Officer
Parker testified that Davis made furtive movements towards the center console
area of the car and was nervous and shaking. 
Parker also saw the scale in plain view. 
On cross‑examination, Officer Parker was asked if he had decided
to arrest Davis when the traffic offense was committed, but Parker responded
that, at that time, he had only decided to conduct a traffic stop.  Davis’s lawyer then asked Parker if he would
have made the arrest and conducted an inventory search of the car if the trial
judge had been the individual who had committed the traffic offense.  Parker answered, “It’s at the officer’s discretion.”

          The
trial court denied the motion to suppress at the conclusion of the
hearing.  Davis filed a motion to
reconsider a month later in which he claimed the officer “admitted that the
decision to arrest Mr. Davis was based solely upon the facts that he was a
black male driving an older model Chevrolet impala [sic] and did not signal a
right turn.”

          On
appeal, Davis argues in two issues that the decision to arrest him for a fine-only
misdemeanor violates both the statutory prohibition against racial profiling
and the Equal Protection Clause.  Davis
neither substantively briefs these issues nor points to evidence in the record
that would support his claim that he was arrested based on his race.  Davis again asserts that the decision to
arrest him was made at the time the traffic offense was committed, but this assertion
is contrary to Officer Parker’s testimony. 
Davis also contends that the officers admitted “that they would not have
made the decision to make a full-blown arrest for a fine-only traffic offense
in other circumstances.” 

          When
reviewing a trial court’s ruling on a pretrial motion to suppress, we should
afford almost total deference to the trial court’s determination of the
historical facts.  State v. Elias, 339 S.W.3d 667, 673 (Tex. Crim. App. 2011) (quoting
Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997)).  We agree with
the State that no evidence exists in this record to support a finding that the
officers’ decision to arrest Davis was based on his race.  Accordingly, we overrule both issues.

          We
note that the trial court’s order of deferred adjudication incorrectly recites
“APPEAL WAIVED.  NO PERMISSION TO APPEAL
GRANTED.”  The trial court signed a
certification of defendant’s right of appeal which correctly recites that “this
criminal case is not a plea‑bargain case, and the defendant has the right
of appeal.”  Accordingly, we modify the
order by deleting the words “APPEAL WAIVED. 
NO PERMISSION TO APPEAL GRANTED.”

Conclusion

          We
affirm the trial court’s order of deferred adjudication as modified.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

Sharp, J., concurring, opinion to follow.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]        U.S. Const. amend. XIV, § 1; Tex. Code Crim. Proc.
Ann. arts. 2.131 (prohibiting peace officers from racial profiling), 3.05
(defining racial profiling) (Vernon 2005).





 

[2]           Tex. Transp. Code Ann. §§ 542.301 (creating misdemeanor offense for
violation of provisions of Transportation Code title 7, subtitle C),  545.104(b)
(requiring vehicle operator to signal turn) (Vernon 2011).





 

[3]           Tex. Health & Safety Code Code Ann.
§§ 481.102(3)(D) (providing that cocaine is
penalty group one substance), 481.112(a), (d) (providing that manufacturing,
delivery, or possession with intent to deliver penalty group one substance in
amount between four and 200 grams is first degree felony) (Vernon 2010).





 

[4]           Tex. Code Crim. Proc. Ann. art. 42.12,
§§ 5(a), 23 (Vernon
Supp. 2011).